**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| HEMATITE HOLDINGS INC., *et al.*,[1] | Case No. 20-12387 (__) |
| Debtors in a Foreign Proceeding. | Joint Administrated Requested |

**MOTION OF FOREIGN REPRESENTATIVE FOR ORDER (I) SCHEDULING HEARING ON VERIFIED PETITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND FOR ADDITIONAL RELIEF AND ASSISTANCE UNDER 11 U.S.C. §§105(a), 1507, AND 1521 AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE OF HEARING**

Hematite Holdings Inc., in its capacity as the Canadian Court-appointed and authorized foreign representative (the "Foreign Representative") for the above-captioned debtors (collectively, the "Debtors") which are the subjects of a reorganization proceeding (the "CCAA Proceeding") commenced before the Ontario Superior Court Of Justice (Commercial List) in Canada (the "Canadian Court") under Canada's *Companies' Creditors Arrangement Act* (the "CCAA"), by and through its undersigned counsel, files this motion (the "Motion"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Notice Order"), (i) approving the notice substantially in the form annexed to the Proposed Notice Order as **Exhibit 1** (the "Notice") of the filing of the Petitions for Recognition (as defined herein) and providing notice of Foreign Representative's intent to rely on foreign law; (ii) setting a hearing on the relief sought in the Verified Petition (the "Recognition Hearing"), and (iii) specifying the form

---

[1] The U.S. Debtors in these chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: Pavaco Holdings U.S. Inc. (5569); Hematite, Inc. (3799); and Hematite Automotive Products Inc. (5382). The Canadian Debtors in these chapter 15 cases and the last four digits of their unique identifier are as follows: Hematite Holdings Inc. (8581); Hematite Manufacturing Inc. (4900); Hematite Industrial Products Inc. (7706); and Canadian Pavaco Inc. (5315). The U.S. Debtors and the Canadian Debtors are referred to herein, collectively, as the "Debtors." The Debtors' principal offices are located at 659 Speedvale Avenue West, Guelph, Ontario, N1K 1E6, Canada.

and manner of service of the Notice in the above-captioned chapter 15 cases (the "Chapter 15 Cases"). In support of the Motion, the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

2. The Foreign Representative, in its capacity as authorized foreign representative, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

4. The statutory predicates for the relief requested herein are sections 105, 1514, and 1515 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). Relief is also warranted pursuant to Rules 1007, 1011, 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PROCEDURAL AND FACTUAL BACKGROUND

5. On the date hereof (the "Petition Date"), each of the Debtors filed their respective Official Form 401 voluntary petitions for relief under chapter 15 of the Bankruptcy Code, a *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Initial Order and Amended Initial Order, and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (together, the "Petitions for Recognition"), the Nadeau Declaration (defined below) and the *Motion of Hematite Holdings Inc.,*

*as Foreign Representative, For an Order Granting Certain Provisional Relief* (the "Provisional Relief Motion," together with the Petitions for Recognition and the Nadeau Declaration, the "Chapter 15 Pleadings") pursuant to section 1515 of the Bankruptcy Code seeking, among other things, (i) entry of an Order recognizing the CCAA Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and (ii) relief under sections 1520 and 1521 of the Bankruptcy Code.

6. The detailed factual background relating to the Debtors and the commencement of the Petitions for Recognition is set forth in *Declaration of Jacques Nadeau in Support of the Debtors' Chapter 15 Petitions and First Day Pleadings in Foreign Proceeding* (the "Nadeau Declaration").

**RELIEF REQUESTED**

7. By this Motion, the Foreign Representative requests entry of the Proposed Notice Order: (i) approving the Notice of the filing of the Petitions for Recognition and providing notice of the Foreign Representative's intent to rely on foreign law; (ii) setting the Recognition Hearing, and (iii) specifying the form the manner of service of the Notice.

A. **Form and Manner of Notice**

8. Bankruptcy Rule 2002(q)(1) provides that:

> The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, at least 21 days' notice by mail of the hearing. The notice shall state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding and shall include the petition and any other document the court may require.

Fed. R. Bankr. P. 2002(q)(1).

9.  Although Bankruptcy Rule 2002(q) provides that the parties identified therein must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it fails to specify the form and manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.[2]

10. Consistent with the requirements of Bankruptcy Rule 2002(q)(1), the Foreign Representative proposes serving the Notice, Chapter 15 Pleadings and all filings in these Chapter 15 Cases by United States first-class mail and electronic mail (where available) on the following (collectively, the "Core Notice Parties"):[3] (i) counsel to the Interim DIP Lender; (ii) the Canadian Department of Justice; (iii) the United States Internal Revenue Service; (iv) counsel to the Debtors in the CCAA Proceeding; (v) the Monitor in the CCAA Proceeding; (vi) the Office of the United States Trustee for the District of Delaware; (vii) the Ministry of Finance for the Province of Ontario; (viii) the Office of the United States Attorney for the District of Delaware; (ix) the Delaware Secretary of State; (x) the United States Securities and Exchange Commission; (xi) the Delaware State Treasury; and (xii) any party that files a notice of appearance in these Chapter 15 Cases. The Foreign Representative proposes that such service upon the Core Notice Parties (the "Core Party Service") will be completed within three (3) business day of entry of the Proposed Notice Order.

11. Further, the Foreign Representative respectfully proposes serving the Notice via United States first-class mail and electronic mail (where available) on the following

---

[2] Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). *See id.* 2002(m) and 9007.

[3] Capitalized parties included in the Core Notice Parties shall have the meanings ascribed to them in the Petitions for Recognition.

(collectively, the "Notice Parties"): (i) all persons or bodies authorized to administer the foreign proceeding of the Debtors; (ii) all entities against whom provisional relief is being sought under Bankruptcy Code section 1519; and (iii) all parties to litigation pending in the United States in which the Debtors are a party as of the Petition Date.

12. The Foreign Representative respectfully submits that service as set forth above, by United States mail, first-class postage pre-paid, upon the Core Notice Parties and the Notice Parties in accordance with Bankruptcy Rule 2002(k) and (q), constitutes adequate and sufficient notice of the Chapter 15 Cases, the relief sought in the Petitions for Recognition, the time fixed for filing objections to the relief sought in the Petitions for Recognition, and the time, date, and place of the Recognition Hearing.

**B.    Scheduling Recognition Hearing**

13. Bankruptcy Code section 1517(c) provides that a petition for recognition shall be decided "at the earliest possible time." 11 U.S.C. § 1517(c). Moreover, Bankruptcy Rule 1011(b) provides that a party objecting to a petition filed to commence an ancillary proceeding under Chapter 15 of the Bankruptcy Code has twenty-one (21) days from service to respond thereto. *See* Fed. R. Bankr. P. 1011(b). Similarly, Bankruptcy Rule 2002(q)(1) provides that parties are to be given twenty-one (21) days' notice of a hearing on a chapter 15 petition. *See id.* 2002(q)(1).

14. In light of the foregoing requirements, the Foreign Representative respectfully requests that this Court: (i) schedule the Recognition Hearing Date approximately twenty-one (21) days after service of the Petitions for Recognition and Notice and (ii) set an appropriate objection deadline in connection therewith. The Foreign Representative further requests that this Court require that all objections or responses, if any, to the Petitions for Recognition must be made in writing (describing the basis for any objection) and pursuant to the

5

Bankruptcy Code, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and the Bankruptcy Rules, including, without limitation, Bankruptcy Rule 1011, which objection or response must be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon undersigned counsel to the Foreign Representative.

WHEREFORE, the Foreign Representative respectfully requests entry of an order in the form of the Proposed Notice Order attached hereto as **Exhibit A** (a) setting a hearing date for the Recognition Hearing and (b) approving the form of Notice and the manner of service of the Notice and the Petitions for Recognition.

Dated: September 22, 2020
Wilmington, Delaware

WOMBLE BOND DICKINSON (US) LLP

*/s/ Todd A. Atkinson*
Matthew P. Ward (Del. Bar No. 4471)
Morgan L. Patterson (Del. Bar No. 5388)
Todd A. Atkinson (Del. Bar No. 4825)
1313 N. Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:    (302) 252-4320
Facsimile:    (302) 252-4330
Email:        matthew.ward@wbd-us.com
              morgan.patterson@wbd-us.com
              todd.atkinson@wbd-us.com

*Counsel for Hematite Holdings Inc.,
in its capacity as Foreign Representative*