**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HEMATITE HOLDINGS INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-12387 (MFW)<br><br>Jointly Administered<br><br>**Related Docket No. 19** |

**MOTION OF HEMATITE HOLDINGS INC., AS FOREIGN REPRESENTATIVE, FOR AN ORDER SHORTENING NOTICE AND OBJECTION PERIODS, AND SCHEDULING A HEARING ON, ITS SECOND MOTION FOR AN ORDER GRANTING CERTAIN PROVISIONAL RELIEF**

Hematite Holdings Inc. ("Hematite Holdings"), in its capacity as the Canadian Court-appointed and authorized foreign representative (the "Foreign Representative") for the above-captioned debtors (collectively, the "Debtors") which are the subjects of a reorganization proceeding (the "CCAA Proceeding") commenced before the Ontario Superior Court Of Justice (Commercial List) in Canada (the "Canadian Court") under Canada's *Companies' Creditors Arrangement Act* (the "CCAA"), respectfully moves (the "Motion to Shorten") pursuant to sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto (the "Proposed Order"), shortening the notice and

---

[1] The U.S. Debtors in these chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: Pavaco Holdings U.S. Inc. (5569); Hematite, Inc. (3799); and Hematite Automotive Products Inc. (5382). The Canadian Debtors in these chapter 15 cases and the last four digits of their unique identifier are as follows: Hematite Holdings Inc. (8581); Hematite Manufacturing Inc. (4900); Hematite Industrial Products Inc. (7706); and Canadian Pavaco Inc. (5315). The U.S. Debtors and the Canadian Debtors are referred to herein, collectively, as the "Debtors." The Debtors' principal offices are located at 659 Speedvale Avenue West, Guelph, Ontario, N1K 1E6, Canada.

objection periods for, and scheduling a hearing on, the Foreign Representative's *Second Motion for an Order Granting Certain Provisional Relief* [Docket No. 19] (the "Motion"),[2] filed contemporaneously herewith. In support of this Motion to Shorten, the Foreign Representative respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1410.

2. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 102(1) and 105(a), Bankruptcy Rules 2002 and 9006(c), and Local Rule 9006-1(e).

3. Pursuant to Local Rule 9013-1(f), the Foreign Representative consents to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**Background**

**A. CCAA Proceeding**

1. On September 18, 2020, the Canadian Court issued the initial order (the "Initial Order"), appointing KPMG Inc. ("KPMG," or the "Monitor") to monitor and assist the Debtors in their business and financial affairs in accordance with section 23 of the CCAA. The Canadian

[2] The facts and circumstances supporting the relief requested herein are set forth in the Motion. Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion.

Court also appointed the Foreign Representative to assist the Debtors in accordance with paragraphs 48 and 49 of the Initial Order.

2. Pursuant to section 11.02(1) of the CCAA, the "Stay Period" defined in and provided for under the Initial Order was 10 days, or until September 28, 2020.

3. Accordingly, on September 28, 2020, the Debtors sought and obtained additional relief in the Canadian Court, extending the Initial Order and the stay of proceedings until November 27, 2020, and granting certain other relief that is appropriate under the circumstances pursuant to an amended and restated initial order (the "Amended Initial Order").

**A. Chapter 15 Cases**

4. On September 22, 2020 (the "Petition Date"), the Foreign Representative commenced these cases by filing voluntary petitions for relief under chapter 15 of the Bankruptcy Code.

5. On September 23, 2020, the Court entered the Order Approving Provisional Relief (Doc. No. 10) (the "Provisional Relief Order"), pursuant to which the Court, among other things, recognized and enforced the Initial Order, in the United States, on a provisional basis.

6. As set forth more specifically in the Motion, on September 28, 2020, the Foreign Representative requested and obtained additional relief in the Canadian Proceeding through the entry of the Amend Initial Order. Consistent with the expedited nature of the provisional relief requested and obtained related to the Initial Order, expedited consideration of the Motion and Amended Initial Order is warranted.

**Relief Requested**

4. By this Motion to Shorten, the Foreign Representative requests entry of an order shortening the notice and objection periods for the Motion so that it may be heard by the Court on October 1, 2020, at 2:00 p.m. (Eastern Time) (the "Hearing").

**<u>Basis for Relief</u>**

5. Local Rule 9006-1(c) requires that all motion papers be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date, unless approval of shortened notice is granted by the Court pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e). Specifically, Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1); *see also* Del. Bankr. L.R. 9006-1(e) (stating that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice").

6. The Foreign Representative submits that good cause and compelling circumstances exist warranting expedited consideration and shortened notice of the Motion. In short, if the Motion is not heard at the Hearing, the Foreign Representative efforts in the Canadian Proceeding may be negatively impacted, potentially harming the Debtors and their creditors alike. As just one example, the additional provisional relief requested in the Motion is emergent because the Debtors could face immediate and irreparable harm resulting from the potential termination of critical leases and contracts and the piecemeal loss of assets from individual creditor collection and enforcement efforts.

7. Pursuant to Local Rule 9006-1(e), the undersigned counsel to the Foreign Representative avers that it did not contact counsel for the Office of the United States Trustee (the "<u>UST</u>") for shortened notice because the need for expedited consideration was previously

conveyed to the UST and the Court at the first-day hearing and, in this unique context, considers this request non-controversial.

8. The Foreign Representative respectfully submits that cause exists pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e) to shorten the notice and objection periods as requested herein.

**Notice**

9. If the Court grants this Motion to Shorten, the Foreign Representative will serve a copy of the Order granting the Motion to Shorten, along with a copy of the Motion and notice thereof, on the foregoing parties by e-mail, hand delivery, overnight mail, express mail, or facsimile: (i) counsel to the DIP Lender; (ii) the Canadian Department of Justice; (iii) the United States Internal Revenue Service; (iv) counsel to the Debtors in the CCAA Proceeding; (v) the Monitor in the CCAA Proceeding; (vi) the Office of the United States Trustee for the District of Delaware; (vii) the Ministry of Finance for the Province of Ontario; (viii) the Office of the United States Attorney for the District of Delaware; (ix) the Delaware Secretary of State; (x) the United States Securities and Exchange Commission; (xi) the Delaware State Treasury; and (xii) any party that has filed a notice of appearance in these Chapter 15 Cases. The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) shortening the notice and objection periods for the Motion; (ii) scheduling the Motion to be heard at the Hearing; and (iii) granting further relief as is just and proper.

Dated: September 29, 2020
Wilmington, Delaware

WOMBLE BOND DICKINSON (US) LLP

*/s/ Todd A. Atkinson*
Matthew P. Ward (Del. Bar No. 4471)
Morgan L. Patterson (Del. Bar No. 5388)
Todd A. Atkinson (Del. Bar No. 4825)
1313 N. Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
morgan.patterson@wbd-us.com
todd.atkinson@wbd-us.com

*Counsel for Hematite Holdings Inc., in its capacity as Foreign Representative*