**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re :<br><br>HEMATITE HOLDINGS INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-12387 (MFW)<br><br>Jointly Administered<br><br>**Related Docket No.: 19** |

**ORDER GRANTING ADDITIONAL PROVISIONAL RELIEF**

Upon the *Second Motion of Hematite Holdings Inc., as Foreign Representative, For an Order Granting Certain Provisional Relief* (the "Motion"),[2] in its capacity as the Canadian Court court-appointed and authorized foreign representative (the "Foreign Representative") for the above-captioned debtors (the "Debtors") in a reorganization proceeding (the "CCAA Proceeding") commenced under Canada's *Companies' Creditors Arrangement Act* (the "CCAA") pending before the Ontario Superior Court Of Justice (Commercial List) in Ontario, Canada (the "Canadian Court"), for entry of a provisional order (this "Order"), pursuant to sections 105(a), 362, 363, 364(e), 365(e), 1517, 1519, and 1521, of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") granting the Requested Provisional Relief as defined and described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the

[1] The U.S. Debtors in these chapter 15 cases and the last four digits of their U.S. Federal Employer Identification Numbers are as follows: Pavaco Holdings U.S. Inc. (5569); Hematite, Inc. (3799); and Hematite Automotive Products Inc. (5382). The Canadian Debtors in these chapter 15 cases and the last four digits of their unique identifier are as follows: Hematite Holdings Inc. (8581); Hematite Manufacturing Inc. (4900); Hematite Industrial Products Inc. (7706); and Canadian Pavaco Inc. (5315). The U.S. Debtors and the Canadian Debtors are referred to herein, collectively, as the "Debtors." The Debtors' principal offices are located at 659 Speedvale Avenue West, Guelph, Ontario, N1K 1E6, Canada.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and the Debtors having consented to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the Nadeau Declaration, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the additional provisional relief sought in the Motion is in the best interests of the Debtors, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT**:

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

E. The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (a) the CCAA Proceeding is a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code or, alternatively, with respect to certain Debtors, the CCAA Proceeding is a "foreign nonmain proceeding" as defined in section 1502(5) of the Bankruptcy Code, (b) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for recognition of the CCAA Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code, (d) upon recognition of the CCAA Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in these chapter 15 cases pursuant to section 1520(a)(1) of the Bankruptcy Code, and (e) that application of section 365(e) on an interim basis to prevent contract counterparties from terminating their prepetition contracts with the Debtors is entirely consistent with the injunctive relief afforded by the automatic stay under section 362.

F. The Foreign Representative has demonstrated that (a) the commencement of any proceeding or action in the U.S. against Debtors and its business and all of its assets should be stayed pursuant to sections 1519, 1521, and 105(a) of the Bankruptcy Code, which protections, in each case, shall be coextensive with the provisions of section 362 of the Bankruptcy Code, to permit the fair and efficient administration of the CCAA Proceeding, including a reorganization pursuant to a plan of compromise or arrangement, pursuant to the Amended Initial Order and any other applicable orders of the Canadian Court, for the benefit of all stakeholders, and (b) the relief requested in the Motion will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein.

G. The Foreign Representative has demonstrated that without the protection of sections 362 and 365(e) of the Bankruptcy Code, there is a material risk that the Debtors' creditors, including counterparties to certain of the Debtors' leases and contracts, may take the position that the commencement of the CCAA Proceeding or these chapter 15 cases authorizes them to terminate such contracts or accelerate obligations or exercise remedies thereunder. Such termination or acceleration will severely impair the Debtors' restructuring efforts and result in irreparable damage to the Debtors' business and the value of Debtors' assets, and substantial harm to Debtors' creditors and other parties in interest.

H. The Foreign Representative has demonstrated that without the protections afforded to the DIP Lender under section 364(e), there is a material risk that the Debtors will be unable to obtain the requisite financing to continue their business operations and fund their restructuring proceedings, which will significantly impair and potentially result in irreparable damage to the value of the Debtors' assets.

I. The Foreign Representative has demonstrated to the Canadian Court that the incurrence of indebtedness under the DIP Facility and the granting of liens and charge negotiated in connection with the DIP Facility is necessary to prevent irreparable harm to the Debtors because, without such financing, the Debtors will be unable to continue operations and fund their restructuring proceedings, which will significantly impair the value of their assets, and the Canadian Court has approved the DIP Facility as being appropriate and the amount that the Debtors have been authorized to borrow is reasonably necessary for the continued operations of the Debtors in the ordinary course of business.

J. The Foreign Representative has demonstrated to the Canadian Court that the terms of the DIP Facility are fair and reasonable and were entered into in good faith by the Debtors and

the DIP Lender and that the DIP Lender would not have extended financing without the provisions of this Order and the Court's recognition of the protections set forth in the Amended Initial Order relating to the DIP Facility.

K. The Foreign Representative has demonstrated to the Canadian Court that absent the relief granted herein, there is a material risk that one or more parties in interest will take action against the Debtors or their assets. As a result, the Debtors may suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law and therefore it is necessary that this Court grant the relief requested in the Motion with notice as provided in the motion. Further, unless this Order is entered, the Debtors' assets could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts could result in the Debtors suffering immediate and irreparable injury, loss or damage by, among other things, creditors (a) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, and (b) interfering with or undermining the success of the CCAA Proceeding.

L. The Foreign Representative has demonstrated that no injury will result to any party that is greater than the harm to the Debtors' business, assets, and property in the absence of the relief requested in the Motion.

M. The Debtors' creditors will not suffer any significant harm by the requested provisional relief, as the relief will ensure the value of the Debtors' assets are preserved, protected and maximized for the benefit of all creditors.

N. The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by granting recognition and giving effect to the Amended Initial Order.

O. The interests of the public and public policy of the U.S. will be served by entry of this Order.

P. The Foreign Representative and Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Amended Initial Order is hereby given full force and effect on a provisional basis, including, without limitation, the sections of the Amended Initial Order (a) authorizing the Debtors to obtain credit under the DIP Facility in the amount of CND $6,000,000 and granting to the DIP Lender the DIP Lender Charge to authorize the Debtors to enter into, perform and borrow under the DIP Facility, (b) staying the commencement or continuation of any actions against the Debtors and their assets, (c) imposing a stay with respect to claims or actions against the Debtors' directors and officers or their assets in connection with the directors' or officers' positions at the Debtor, and (d) granting the Directors' Charge and Administration Charge.

3. While this Order is in effect, the Foreign Representative and the Debtors are entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against the Debtors' assets within the territorial jurisdiction of the United States.

4. While this Order is in effect, pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, sections 362 and 365(e) of the Bankruptcy Code are hereby made applicable in these Chapter 15 Cases to the Debtors and their property within the territorial jurisdiction of the United States, and (b) section 362 of the Bankruptcy Code is hereby made applicable to the

Debtors' directors and officers and their property within the territorial jurisdiction of the United States.

5. Pursuant to 11 U.S.C. § 1519(a) and 1521(a)(3) and (7), all persons and entities, other than the Foreign Representative and its representatives and agents, are hereby enjoined from:

a. execution against any of the Debtors' and their directors and officers (the "Protected Parties") assets;

b. the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Debtors or other Protected Parties, which in either case is in any way related to, or would interfere with, the administration of the Debtors' estates in the CCAA Proceeding;

c. taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against the Debtors or other Protected Parties or any of their property or proceeds thereof, other than the filing of any registration to preserve or protect a security interest;

d. transferring, relinquishing or disposing of any property of the Debtors to any person or entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

e. commencing or continuing an individual action or proceeding concerning the Debtors' or other Protected Parties' assets, rights, obligations or liabilities; and

f. declaring or considering the filing of the CCAA Proceeding or these Chapter 15 Cases a default or event of default under any agreement, contract or arrangement;

provided, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; and provided further that nothing herein shall: (x) prevent any entity from filing any claims against the Debtors in the CCAA Proceeding or (y) prevent any entity from seeking relief from the Canadian Court in the CCAA Proceeding or this Court in these Chapter 15 Cases, as applicable, for relief from the injunctions contained in the Order.

6. To the extent authorized under the Amended Initial Order, the Court recognizes, on a provisional basis, that during the Stay Period, as defined in the Amended Initial Order and except

as permitted under subsection 11.03(2) of the CCAA, no Proceeding, as defined in the Amended Initial Order, may be commenced or continued against any former, present or future director or officer of the Debtors, as defined in the Amended Initial Order, nor against any person deemed to be a director or an officer of the Debtors under subsection 11.03(3) of the CCAA (each, a "Director", and collectively, the "Directors") in respect of any claim against such Director which arose prior to September 18, 2020, and which relates to any obligation of the Debtors where it is alleged that any of the Directors are liable under any law in such capacity for the payment of such obligation.

7. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

8. To the extent provided in the Amended Initial Order, and based on the finding therein and to promote cooperation between jurisdictions in cross-border insolvencies, the Debtors are hereby authorized to execute and deliver such term sheets, credit agreements, mortgages, charges, hypothecs and security documents, guarantees, and other definitive documents as are contemplated by the DIP Facility (collectively, the "DIP Documents") or as may be reasonably required by the DIP Lender pursuant to the terms thereof, and the Debtors are hereby authorized to pay and perform all of its indebtedness, interest, fees, liabilities, and obligations to the DIP Lender under and pursuant to the DIP Facility without any need for further approval from this Court.

9. To the extent authorized under the Amended Initial Order, the Court recognizes, on a provisional basis, the DIP Lender Charge, as defined in the Amended Initial Order, granted in the Amended Initial Order which applies to all of the Debtors' assets located in the United States, subject to the priorities, terms, and conditions of the Amended Initial Order, to secure current and future amounts outstanding under the DIP Facility.

10. This Order shall be sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens granted to the DIP Lender in the Amended Initial Order without the necessity of filing or recording this Order or any financing statement, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction; provided that the Debtors are authorized to execute, and the administrative agent under the DIP Facility may file or record, any financing statements, mortgages, other instruments or any other DIP Document to further evidence the liens authorized, granted, and perfected hereby and by the Amended Initial Order.

11. Pursuant to sections 364(e), 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, the validity of the indebtedness, and the priority of the liens authorized by the Amended Initial Order made enforceable in the United States by this Order, shall not be affected by any reversal or modification of this Order, on appeal or the entry of an order denying recognition of the CCAA Proceeding pursuant to section 1517 of the Bankruptcy Code.

12. No action, inaction or acquiescence by the DIP Lender, including, without limitation, funding the Debtors' ongoing operations under this Order, shall be deemed to be or shall be considered as evidence of any alleged consent by the DIP Lender to a charge against the collateral pursuant to sections 506(c), 552(b) or 105(a) of the Bankruptcy Code. The DIP Lender

shall not be subject in any way whatsoever to the equitable doctrine of "marshaling" or any similar doctrine with respect to the collateral.

13. Effective on a provisional basis upon entry of this Order, to the extent precluded by or provided for under the Amended Initial Order, no person or entity shall be entitled, directly or indirectly, whether by operation of sections 506(c), 552(b) or 105 of the Bankruptcy Code or otherwise, to direct the exercise of remedies or seek (whether by order of this Court or otherwise) to marshal or otherwise control the disposition of any collateral or property after a breach under the DIP Facility, the DIP Documents, the Amended Initial Order or this Order.

14. The Foreign Representative, Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

15. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Foreign Representative and the DIP Lender are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Foreign Representative and the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

16. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.



**Dated: October 1st, 2020**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**